*Arias-Arevalo v. Bondi*
BIA
Loprest, IJ
A215 769 064

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

MARITZA YASMIN ARIAS-AREVALO,
> *Petitioner,*

v.                                                              **23-7095**
                                                                **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**                Bruno Bembi, Hempstead, NY.

**FOR RESPONDENT:**          Brian M. Boynton, Principal Deputy Assistant Attorney General; Lisa M. Arnold, Victor M. Lawrence, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Maritza Yasmin Arias-Arevalo, a native and citizen of El Salvador, seeks review of an August 31, 2023 decision of the BIA affirming an October 1, 2019 decision of an Immigration Judge ("IJ") denying her application for asylum and withholding of removal.[1]  *In re Arias-Arevalo*, No. A215 769 064 (B.I.A. Aug. 31, 2023), *aff'g* No. A215 769 064 (Immig. Ct. N.Y. City Oct. 1, 2019). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to deny the petition.

"[W]e review the IJ's decision as modified by the BIA and do not address the findings the BIA declined to reach or found abandoned."  *Castellanos-Ventura*

---

[1] Arias-Arevalo has not challenged the BIA's determination that she waived her claim under the Convention Against Torture.

*v. Garland*, 118 F.4th 250, 253 (2d Cir. 2024). We review factual findings for substantial evidence and "questions of law, including the application of law to facts, *de novo*." *Ojo v. Garland*, 25 F.4th 152, 159 (2d Cir. 2022). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I.    Agency Jurisdiction

Arias-Arevalo argues that because her notice to appear ("NTA") did not include the date and time of her initial hearing, the "IJ and BIA lacked jurisdiction in this matter." Pet. at 22; *see* 8 U.S.C. § 1229(a)(1)(G)(i). She is mistaken. Although an incomplete NTA does not stop the accrual of presence or residence as required to establish eligibility for cancellation of removal, the omission of the hearing date and time does not strip the immigration court of jurisdiction where, as here, the petitioner was subsequently sent a hearing notice. *See Cupete v. Garland*, 29 F.4th 53, 57 (2d Cir. 2022). The requirement that an NTA contain the time and place of a hearing is a "non-jurisdictional, claim-processing rule that is subject to waiver and forfeiture." *See Penaranda Arevalo v. Bondi*, 130 F.4th 325, 336–37 (2d Cir. 2025). Because Arias-Arevalo conceded removability and failed to timely raise the NTA's purported deficiencies before the IJ or the BIA, she

3

waived that argument.

## II.    Asylum and Witholding of Removal

"The burden of proof is on the applicant [for asylum and withholding of removal] to establish that . . . race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."   8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal).   An applicant must prove "a sufficiently strong nexus" between the suffered harm and a protected ground. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010).   "Whether the requisite nexus exists depends on the views and motives of the persecutor."   *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (internal quotation marks omitted).   Where an applicant asserts a claim based on membership in a particular social group, the applicant has the burden to establish both that the group is cognizable and that the requisite nexus exists.   *Id.*

Arias-Arevalo argues that gang members targeted her because of her religion, her political opinions, her gender, her membership in multiple particular social groups, and her familial relationship with her son.   These claims either lack

4

merit or are unexhausted.

## A. *Religious Beliefs*

Neither the BIA nor the IJ erred in concluding that Arias-Arevalo adduced insufficient evidence of a nexus between her religious beliefs and persecution by gang members. Although Arias-Arevalo was an active member of her church, and gang members sometimes harassed her in or near the church, she stated that she understood the attacks to be motivated by gang members' desire for her to reopen her food stand and let them eat for free, and to punish her for requesting payment from them in the past. The fact that the gang members could locate her near the church was not evidence of animosity towards her because of her religion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring applicant to "provide *some* evidence . . . direct or circumstantial" of the "persecutors' motives . . . to obtain judicial reversal of the BIA's determination").

## B.  *Political Opinion*

Similarly, there is no error in the agency's conclusion that Arias-Arevalo did not establish a nexus to her political opinions, whether professed or imputed, which consisted of opposition to gangs and her "feminist beliefs." Pet. 14. "[O]pposition to criminal elements such as gangs, even when such opposition

5

incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the gang's reaction." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 201 (2d Cir. 2021) (emphasis in original). In any event, Arias-Arevalo cites no evidence that gang members attributed her demands for payment to any anti-gang or feminist political opinions. Substantial evidence therefore supported the BIA's and IJ's determinations that Arias-Arevalo had not shown that gang members "persecute[d] [her] *because of* [any] political opinion, rather than because of [her] refusal" to allow the gang members to eat and drink for free in her store. *I.N.S. v. Elias-Zacarias*, 502 U.S. at 483; *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, [her] failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

We do not consider Arias-Arevalo's claims of persecution for being a woman and persecution because of her familial relationship to her son because she did not exhaust these groups before the IJ and the BIA. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Ud Din v. Garland*, 72 F.4th 411, 419–

6

20 & n.2 (2d Cir. 2023) (issue exhaustion is mandatory when raised by the Government).

We have considered Arias-Arevalo's other claims and find them meritless. In sum, Arias-Arevalo's failure to establish that gang members targeted her for a reason other than general criminal goals is dispositive of her asylum and withholding of removal claims. *See Quituizaca v. Garland*, 52 F.4th at 114–15; *Paloka v. Holder*, 762 F.3d at 196–97.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7